Daniel Cooper (SBN 153576)
daniel@sycamore.law
Jesse C. Swanhuyser (SBN 282186)
jesse@sycamore.law
SYCAMORE LAW, INC.
1004 O'Reilly Avenue, Ste. 100
San Francisco, CA 94129
Tel: (415) 360-2962

Kelly Clark (SBN 312251)
Kelly@lawaterkeeper.org
LOS ANGELES WATERKEEPER
120 Broadway, Suite 105
Santa Monica, CA 90401
Tel: (310) 394-6162
Fax: (310) 394-6178

Attorneys for Plaintiff
LOS ANGELES WATERKEEPER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES WATERKEEPER, a public benefit non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BASIC FIBRES, INC., a California corporation,<br><br>Defendant. | Case No. 2:19-cv-10276-CAS (RAOx)<br><br>**PLAINTIFF'S NOTICE OF UNOPPOSED MOTION; AND UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>Honorable Christina A. Snyder<br><br>Action Filed:    December 4, 2019<br>Hearing Date:   October 5, 2020<br>Hearing Time:   10:00 a.m.<br>Location:          Courtroom 8D |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on October 5, 2020, or as otherwise scheduled by this Court, before the Honorable Christina A. Snyder, in Courtroom 8D of the United States Courthouse for the Central District of California, 350 West First Street, Los Angeles, CA 90012, Plaintiff Los Angeles Waterkeeper ("Plaintiff" or "LA Waterkeeper") will and hereby does respectfully move for an order granting leave to file a First Amended Complaint purusant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a) in civil case number 2:19-cv-10276. Pusuant to Local Civil Rule 15-1, copy of the proposed First Amended Complaint ("FAC") is attached to this motion as Exhibit A.

On August 24, 2020 LA Waterkeeper notified Defendant Basic Fibres, Inc. ("Defendant" or "Basic Fibres") of its intention to seek leave from this Court to file a First Amended Complaint. On August 27, 2020 LA Waterkeeper provided Basic Fibres with a copy of the proposed FAC, and requested that Defendant stipulate to the amendment. On August 31, 2020, counsel for Basic Fibres stated that Defendant will not oppose this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## I.    Introduction

With this Motion, Plaintiff seeks in good faith to amend its original complaint based on facts recently revealed through Fed. R. Civ. P. 34 discovery. Specifically, Plaintiff seeks to: (a) add a cause of action which, like the five existing claims, relates to Defendant's violations of Section 301(a) of the Clean Water Act, 33 U.S.C. 1311(a); (b) add minor factual contentions related to existing violations of the Clean Water Act; and (c) narrow the geographic scope of Defendant's industrial operations subject to dispute, i.e. remove certain addresses altogether, and restrict the locations of the industrial activity on addresses that remain.

## II.    Argument

Purusant to Fed. R. Civ. P. 15 ("Rule 15"), LA Waterkeeper "may amend its pleading only with the opposing party's written consent or the court's leave" after a responsive pleading has been filed. Fed. R. Civ. P. 15(a)(2). Where authorization of a court is sought, the decision whether to grant leave to amend a pleading is within the sound discretion of the district court, but as the Ninth Circuit has rightly recognized, "[t]he court should freely give leave when justice so requires." *Id*.; *see also Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (holding that district court has discretion to decide whether to grant Plaintiff's leave to amend). In the Ninth Circuit, courts apply Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997) *quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (holding that the language for granting amendments under Rule 15 should be interpreted with "extreme liberality.").

When deciding whether to grant leave to amend a court must consider: (A) whether the amendment was filed with undue delay; (B) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (C) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (D) whether the amendment will unduly prejudice the opposing party; and (E) whether the amendment is futile or frivolous. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman,* 371 at 182).

### A.    Plaintiff's Request for Leave to File an Amended Complaint is Timely

In light of the COVID-related restrictions, Plaintiff granted multiple extensions to Defendant for its February 26 and March 16, 2020 Fed. R. Civ. P. 34 site inspection and document production requests (respectively). Plaintiff completed a site inspection

on July 8, 2020; and Defendant produced an initial set of documents (i.e. the first part of a rolling production) on July 6, 2020. Plaintiff timely reviewed all new information, conducted additional legal research, and engaged in internal discussions regarding how best to reflect its new, present understanding of the case. On August 24, 2020 informed Defendant of its intent to seek leave to file an amended complaint. Defendant was provided with a copy of the proposed amended complaint to Defendant together with a request for stipulation on August 27, 2020.

B.     Plaintiff's Request is in Good Faith

Plaintiff acts in good faith in proposing the FAC. Plaintiff moves to amend in order to add additional valid claims to support the relief sought under existing facts already at issue and new, closely related facts discovered as initial discovery responses and site inspections were completed. Plaintiff seeks leave to ensure that its Clean Water Act claims are paired with relevant facts such that any decision of this Court will be based on its merits, in furtherance of the very purposes of Fed. R. Civ. P. 15. *Jones v. Bates*, 127 F.3d 839, 847 (9th Cir. 1997).

C.     Plaintiff Has Not Sought Leave to Amend the Complaint Prior to Advancing This Motion

Plaintiff has not previously requested an opportunity to amend its complaint. As such, Plaintiff's proposed amendment does not fit into a pattern of similar requests, nor is it the result of inadequate prior efforts to perfect its claims and detail relevant facts.

D.     Defendant Will Suffer No Prejudice Due to the Amendment

Defendant will not be prejudiced by this Amendment as Defendant still has opportunity to fairly prepare its defense. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). It is early in this litigation and discovery has not yet closed; thus Defendant will have ample opportunity to address the additional claims raised in the First Amended Complaint.  Further, the Parties have not engaged in any motion

practice, and most importantly, Defendant is not opposing this Motion.

      E.      <u>The Proposed Revisions to Existing Facts and Claims are Neither Frivolous nor Futile.</u>

Plaintiff's proposed additional Clean Water Act claim and its additions to the facts are meritorious, respond to new information, and cannot be characterized as frivolous or futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998). Here, Plaintiff's new cause of action depends on a narrow set of facts that Defendant has been aware of for years and are not subject to reasonable dispute.

## V.    Conclusion

As all of the factors relevant to granting a plaintiff leave to amend a complaint weigh in LA Waterkeeper's favor here, Plaintiff requests this Court issue an order granting it leave to file the attached proposed FAC.

September 3, 2020           Respectfully submitted,


                            By:    <u>/s/ *Jesse C Swanhuyser*</u>
                                 Jesse C. Swanhuyser
                                 Attorney for Plaintiff